**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA RITCH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-CV-316-JHP-TLW |
| ) | |
| CARRABBAS ITALIAN GRILL ) | |
| L.L.C., ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Carrabbas Italian Grill, L.L.C. (Doc. No. 16). After consideration of the briefs, and for the reasons stated below, Defendant's Motion is **GRANTED**.

### BACKGROUND

On the evening of December 27, 2013, Plaintiff Linda Ritch ("Plaintiff") went with a group to dinner at Carrabbas Italian Grill on East 71st Street in Tulsa, Oklahoma. (Doc. No. 16-1 (Plaintiff Deposition), 17:22-25, 25:4-7; Doc. No. 16, at 2 (Defendant's Uncontroverted Fact No. 2)). Upon arrival at the restaurant, Plaintiff's son Brandon Ritch went to the bathroom and did not notice any water on the floor of the hallway leading to the bathrooms. (Doc. No. 17-1 (Brandon Ritch Deposition), 12:5-12; Doc. No. 20-5 (Brandon Ritch Deposition), 13:7-25). Later that evening, Plaintiff went down the same hallway on her way to the bathroom. (Doc. No. 16-1 (Plaintiff Deposition), 27:1-3; 31:21-24). Plaintiff slipped in an unknown substance on the floor of the hallway, causing her to fall and injure her knee. (Doc. No. 16-1 (Plaintiff Deposition), 34:1-5, 46:20-21). No one directly witnessed Plaintiff's fall, although a Carrabbas employee, Calob Rinker, saw Plaintiff fall while "not looking directly at her." (Doc. No. 16-1 (Plaintiff Deposition), 37:7-9); Doc. No. 17-7 (Calob Rinker Deposition), 16:15-17:3).

1

Restaurant staff went to her aid and summoned members of Plaintiff's party. (Doc. No. 17-1 (Brandon Ritch Deposition), 11:1-10).

Plaintiff and Plaintiff's daughter, Kimberly Penn testified the substance on the floor was greasy and covered Plaintiff's pant leg. (Doc. No. 16-1 (Plaintiff Deposition), 34:1-5, 37:15-21; Doc. No. 17-3 (Kimberly Penn Deposition), 22:16-20, 24:10-25:24). Plaintiff's son, Brandon Ritch, and Plaintiff's friend, Eric Swinford, also testified they saw something wet on the floor when they approached Plaintiff. (Doc. No. 17-1 (Brandon Ritch Deposition), 11:12-22; Doc. No. 17-6 (Eric Swinford Deposition), 27:10-12, 31:9-15, 32:15-24). Eric Swinford testified the substance on the floor was a "pretty good puddle" "at least 3 to 5 feet across." (Doc. No. 17-6 (Eric Swinford Deposition), 32:17-24).

According to Plaintiff and witness Brandon Ritch, store manager Lauri Rossini admitted it was the restaurant's fault and gave Plaintiff her business card with insurance company contact information on it. (Doc. No. 16-1 (Plaintiff Deposition), 41:7-13; Doc. No. 17-1 (Brandon Ritch Deposition), 23:19-24:10). Lauri Rossini does not deny giving Plaintiff her card but does deny admitting fault. (Doc. No. 16-3 (Lauri Rossini Deposition), 18:14-22). No tangible evidence or photographs were retained from that evening, and there is no evidence indicating what the slippery substance was, how long it had been on the floor, or how it came to be on the floor. (Doc. No. 16, at 3-4 (Defendant's Uncontroverted Fact Nos. 8, 16); Doc. No. 16-1 (Plaintiff Deposition), 19:3-15, 34:6-8, 94:4-8; Doc. No. 16-3 (Lauri Rossini Deposition), 9:13-25; Doc. No. 17-1 (Brandon Ritch Deposition), 24:11-24); Doc. No. 17-4 (Lauri Rossini Deposition), 20:8-21:11).

Plaintiff filed an Amended Petition against the defendant Carrabbas Italian Grill, L.L.C. ("Defendant") on January 19, 2016, claiming Defendant was negligent. (Doc. No. 2-2).

Defendant removed the case to this Court on May 31, 2016, based on diversity of citizenship. (Doc. No. 2). On September 12, 2016, Defendant filed a Motion for Summary Judgment on Plaintiff's claim against it. (Doc. No. 16). Plaintiff filed a Response in opposition on September 27, 2016. (Doc. No. 17). Defendants filed a Reply on October 11, 2016. (Doc. No. 20).

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, a party opposing a motion for summary judgment may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Moreover, "[i]n a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (citations omitted). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

In the Amended Petition, Plaintiff asserts a single cause of action against Defendant for negligence pursuant to Oklahoma law. (*See* Doc. No. 2-2). To establish a prima facie case of

negligence, a plaintiff must show: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care. *Smith v. City of Stillwater*, 328 P.3d 1192, 1200 (Okla. 2014) (citations omitted). Here, as to the duty owed, it is undisputed Plaintiff was an "invitee" on Defendant's property for purposes of liability. (Doc. No. 17, at 7); *see Foster v. Harding*, 426 P.2d 355, 361 (Okla. 1967) (an invitee is one who is "rightfully upon another's premises for purposes in which the owner has some beneficial interest" or a "mutuality of business interest."). Accordingly, Defendant owed invitees such as Plaintiff a "duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996) (citations omitted). This duty "applies to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like which are not known to the invitee and would not be observed by him in the exercise of ordinary care." *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69 (Okla. Civ. App. 1993) (citing *Beatty v. Dixon*, 408 P.2d 339 (Okla. 1965)).

In its Motion for Summary Judgment, Defendant argues Plaintiff has failed to support the second element of a negligence claim, because Plaintiff cannot demonstrate Defendant had notice of any dangerous condition prior to Plaintiff's fall. The Court agrees. Under Oklahoma premises liability law, "[t]he invitor is not . . . an insurer of the safety of its invitees and is not required to prevent all injury occurring on the property." *Young v. Bob Howard Auto., Inc.*, 52 P.3d 1045, 1048 (Okla. Civ. App. 2002) (citing *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993)). Rather, an invitor can be held responsible only if "it be shown that he/she had notice or

4

could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Taylor*, 856 P.2d at 281 (quoting *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979)) (quotation marks omitted). "Knowledge of the dangerous condition will be imputed to the [invitor] if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it, or if the condition was created by him, or by his employees acting within the scope of their employment." *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973) (citations omitted).

In this case, while it is undisputed Plaintiff fell in the hallway leading to the bathroom, Plaintiff has no evidence indicating how long the unknown slippery substance that caused her fall was on the floor before she fell. (*See* Doc. No. 17 (Response to Motion for Summary Judgment), at 8 ("It is not . . . known what the clear, oily substance on the floor was. It is not known exactly how long the substance was on the floor.")). The evidence does not establish that any Carrabbas employee spilled anything on the floor or knew of the slippery substance, or that the substance was on the floor for any length of time prior to Plaintiff's fall. Indeed, the fact that Brandon Ritch went down the same hallway upon arrival at the restaurant and did not notice anything wet on the floor suggests the slippery substance was on the floor for a relatively short period of time. (*See* Doc. No. 20-5 (Brandon Ritch Deposition), 13:7-25). Moreover, Plaintiff did not keep her clothes or shoes from that night, nor did anyone take photographs of the scene, any of which might have indicated what the unknown substance was. In sum, Plaintiff presents no evidence to avoid summary judgment on the issue of whether Defendant breached its duty of care. *See Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979) ("In the face of no proof giving, directly or by inference, some indication as to the length of time the peril had been in

5

existence when the [plaintiff] received her injury or that the Owner failed adequately to inspect the premises for dangers known to arise, there can be no liability here.") (citations omitted).

Plaintiff's arguments in opposition to summary judgment are based on pure speculation. First, Plaintiff argues the location of the fall, between the bar and beverage station near the bathroom, puts it "within the realm of possibility, if not probability," that the liquid on the floor came from either the bar, beverage area, or bathroom. (Doc. No. 17, at 8). However, Plaintiff has no evidence to indicate the source of the liquid or whether it was spilled by or known to a Carrabbas employee. Plaintiff suggests the fact that Carrabbas employee Calob Rinker saw Plaintiff fall and did not attempt to render aid supports a "reasonable inference that at least one of Defendant's employees knew or should have known of the hazard and took no action to remedy the hazard." (*Id.*). The Court disagrees. Mr. Rinker testified the restaurant was very busy that evening and after Plaintiff fell "there were many who . . . went around her," including store manager Lauri Rossini; therefore he returned to his duties after witnessing the fall. (Doc. No. 17-7 (Calob Rinker Deposition), 13:17-25, 17:4-19). This testimony fails to support any reasonable inference that Defendant knew or should have known of the substance on the floor prior to Plaintiff's fall.

Next, Plaintiff relies on the testimony of Plaintiff's friend, Eric Swinford, who saw something wet on the floor after going to Plaintiff's aid. Plaintiff suggests that because Mr. Swinford, who had previously worked in retail, saw a wet puddle on the floor *after* Plaintiff fell, a Carrabbas employee should have spotted the puddle *before* Plaintiff fell. (*See* Doc. No. 17, at 9 ("Had Defendant had a single, trained employee like Mr. Swinford, this injury may well not have occurred."). Again, Plaintiff offers only speculation that the puddle was present and visible for any length of time prior to Plaintiff's fall. (*See* Doc. No. 17-6 (Eric Swinford Deposition),

6

32:9-11 ("Q: Okay.  Do you have any understanding as to how long the substance had been on the floor? A: I don't know.").  This testimony does not affect the Court's conclusion.

Finally, Plaintiff relies on testimony from Plaintiff and Plaintiff's son, Brandon Ritch, that store manager Lauri Rossini acknowledged fault for the fall and gave Plaintiff her business card with insurance information.  The Court disagrees that this testimony, which Ms. Rossini disputes, raises a genuine issue of material fact for trial.  Even if Ms. Rossini did acknowledge fault for the accident, "fault" is a legal determination and does not demonstrate Defendant's employees actually or constructively knew of any dangerous condition.

A jury would be required to speculate to conclude the slippery substance was either caused by or known to a Carrabbas employee, or present for a sufficient amount to time to impose constructive notice.  *See Lewis v. Dust Bowl Tulsa LLC*, 377 P.3d 166, 174 (Okla. Civ. App. 2016) (an inference of negligence "must be based on something more than mere speculation or conjecture.") (quoting *Beatty v. Dixon*, 408 P.2d 339 (Okla. 1965)) (quotation marks omitted).  Accordingly, Plaintiff's evidence of negligence by Defendant is insufficient to create a judiciable question as to whether Defendant was negligent.  In this regard, Plaintiff's evidence is substantially weaker than that presented in *Nipper v. HAC, Inc.*, 2012 U.S. Dist. LEXIS 147852 (W.D. Okla. Oct. 15, 2012), upon which Plaintiff relies.  In *Nipper*, the district court denied summary judgment even though "plaintiff's evidence of negligence on the part of the defendant is thin and borders on speculation in certain respects," because the plaintiff presented evidence that a dangerous condition existed and circumstantial evidence, "admittedly thin, from which a jury could conceivably conclude that the water on the floor was the result of spillage by defendant's employee." *Id.* at *2-3.  Here, by contrast, Plaintiff presents absolutely no evidence from which a jury could possibly conclude the substance on the floor was the result

7

of spillage from Defendant's employee or was even known to an employee of Defendant prior to Plaintiff's fall. Instead, Plaintiff speculates regarding the source of the unknown substance, without offering a shred of evidence. Plaintiff cannot avoid summary judgment on this basis, even when the evidence is viewed in the light most favorable to Plaintiff. Because no reasonable jury could find that Defendant breached a duty to Plaintiff, summary judgment on Plaintiff's negligence claim is appropriate.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. No. 16) is **GRANTED**.

James H. Payne
United States District Judge
Northern District of Oklahoma